1
2
3
4
5
6
7
8          # UNITED STATES DISTRICT COURT
9          ## SOUTHERN DISTRICT OF CALIFORNIA
10

11    STEPHEN TONEY,                          Civil No.    10cv0405 BTM (PCL)
12    CDCR #AA-2909,

13                              Plaintiff,    **ORDER DISMISSING FIRST
                                              AMENDED COMPLAINT
14                        vs.                 WITHOUT PREJUDICE FOR
                                              FAILING TO STATE A
15                                            CLAIM PURSUANT TO
      VICTOR RUIZ, et al.,                    28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**
16
17                          Defendants.
18
19
20    **I.      Procedural History**

21          On February 19, 2010, Stephen Toney ("Plaintiff"), a state prisoner currently incarcerated

22    at the California Rehabilitation Center in Norco, California, and proceeding pro se, submitted

23    a civil rights Complaint pursuant to 28 U.S.C. § 1983.  In addition, Plaintiff filed a Motion to

24    Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  On April 30, 2010, the

25    Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for

26    failing to state a claim and for seeking money damages against immune Defendants pursuant to

27    28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  *See* Apr. 30, 2010 Order at 5-6.

28    / / /

1    The Court granted Plaintiff leave to file an Amended Complaint in order to correct the

2    deficiencies of pleading identified by the Court.  *Id.* at 6. On May 13, 2010, Plaintiff filed his

3    First Amended Complaint ("FAC").  In this pleading, Plaintiff names only five Defendants who

4    are the attorneys who represented him during his criminal trial and subsequent appeal.

5    **II.    Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

6    Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation

7    Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers

8    or employees of governmental entities and dismiss those or any portion of those found frivolous,

9    malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief

10   from a defendant immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*

11   *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213

12   F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

13   As currently pleaded, it is clear that Plaintiff's First Amended Complaint fails to state a

14   cognizable claim under 42 U.S.C. § 1983.   Section 1983 imposes two essential proof

15   requirements upon a claimant:  (1) that a person acting under color of state law committed the

16   conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or

17   immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983;

18   *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*,

19   474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

20   The only named Defendants are those attorneys who represented Plaintiff during his

21   criminal trial and subsequent appeal of his criminal conviction.  A person "acts under color of

22   state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law

23   and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk*

24   *County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299,

25   326 (1941)).  Attorneys appointed to represent a criminal defendant during trial, do not generally

26   act under color of state law because representing a client "is essentially a private function ... for

27   which state office and authority are not needed."  *Polk County*, 454 U.S. at 319; *United States*

28   *v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992).  Thus, when publicly appointed counsel

1   are performing as advocates, *i.e.*, meeting with clients, investigating possible defenses,

2   presenting evidence at trial and arguing to the jury, they do not act under color of state law for

3   section 1983 purposes.  *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*, 454

4   U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding

5   that public defender was not a state actor subject to suit under § 1983 because, so long as he

6   performs a traditional role of an attorney for a client, "his function," no matter how ineffective,

7   is "to represent his client, not the interests of the state or county.").

8        Accordingly, Plaintiff's claims against all the named Defendants  must be dismissed for

9   failing to state a claim upon which section 1983 relief may be granted.  *See* 28 U.S.C.

10  §§ 1915(e)(2)(B)(ii) & 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

11       Moreover, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the

12  alleged ineffectiveness assistance of his trial and appellate counsel, his claim amounts to an

13  attack on the validity of his underlying criminal proceedings, and as such, is not cognizable

14  under 42 U.S.C. § 1983 unless and until he can show that conviction has already been

15  invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850,

16  855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted

17  available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at

18  489), *cert. denied*, 124 S. Ct. 2388 (2004).

19       In *Heck*, the Supreme Court held that:

20           when a state prisoner seeks damages in a section 1983 suit, the
             district court must consider *whether a judgment in favor of the*
21           *plaintiff would necessarily imply the invalidity of his conviction or*
             *sentence*; if it would, the complaint must be dismissed unless the
22           plaintiff can demonstrate that the conviction or sentence has already
             been invalidated.  But if the district court determines that the
23           plaintiff's action, even if successful, will not demonstrate the
             invalidity of any outstanding criminal judgment against the plaintiff,
24           the action should be allowed to proceed.

25  *Heck*, 512 U.S. at 487 (emphasis added).  An action that is barred by *Heck* should be dismissed

26  for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds

27  in invalidating his conviction.  *Edwards*, 520 U.S. at 649.

28  / / /

1    Here, Plaintiff's ineffective assistance of counsel claims against Defendants "necessarily

2    imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S.

3    at 487.   Were Plaintiff to succeed in showing that any of the named Defendants rendered

4    ineffective assistance of counsel, an award of damages would "necessarily imply the invalidity"

5    of his conviction. *Id.*; *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed

6    on ineffective assistance claim petitioner must show that counsel's performance fell below

7    objective standard of reasonableness and that but for counsel's errors the result of the trial would

8    have been different). Thus, because Plaintiff seeks damages for an allegedly unconstitutional

9    criminal proceedings in a  criminal case, and because he has not alleged that his conviction has

10   already been invalidated, a section 1983 claim for damages has not yet accrued. *See Heck*, 512

11   U.S. at 489-90.

12   **III.    Conclusion and Order**

13          Good cause appearing, **IT IS HEREBY ORDERED**:

14          Plaintiff's First Amended Complaint is **DISMISSED** without  prejudice for failing to

15   state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

16   Moreover, because the Court finds amendment of Plaintiff's claims would be futile at this time,

17   leave to amend is **DENIED.**   *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir.

18   1996) (denial of a leave to amend is not an abuse of discretion where further amendment would

19   be futile).

20          The Clerk shall enter a final judgment dismissing this case without prejudice.

21

22   DATED:  June 9, 2010

23          _____

24          Honorable Barry Ted Moskowitz
        United States District Judge

25

26

27

28